IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RHONDA DIANE COX**                                                                          **PLAINTIFF**

**VERSUS**                                                **CIVIL ACTION NO. 1:05cv108JMR-JMR**

**DAVID DECELLE, DR. LEFEZE,**
**PATRICIA FERRIS, SGT. DREXEL,**
**SGT. CALDWELL, NAPHCARE, and**
**HARRISON COUNTY**                                                                        **DEFENDANTS**

## MEMORANDUM OPINION

This matter is before the Court on the Motion [42-1] of defendants David Decelle ("Decelle") and NaphCare, Inc., for Summary Judgment or, in the Alternative, for Amendment of Scheduling Order, which is accompanied by a Memorandum in Support [43-1]. The defendants Patricia Farris ("Farris"), mistakenly identified as "Patricia Ferris," Sergeant Dreschel ("Dreschel"), mistakenly identified as "Sergeant Drexel," and Sergeant Caldwell ("Caldwell") filed a Joinder [44-1] in the Motion [42-1] for Amendment of the Scheduling Order only. The Court being fully advised in the premises, and after carefully considering the pleadings filed as a matter of record, along with the applicable law, finds that the Motion [42-1] for Summary Judgment is well taken, and should be granted.

## STATEMENT OF CASE

The plaintiff, Rhonda Diane Cox ("Cox"), was an inmate in the Harrison County Adult Detention Center ("HCADC"), in Gulfport, Mississippi. The subject of this lawsuit regards alleged dental malpractice stemming from a procedure performed in July 2003 at the HCADC.

Specifically, Cox accuses the defendant Dr. Robert A. Lefeve (Lefeve), of dental malpractice from a "drilling procedure" that Lefeve performed with the assistance of an unidentified "kitchen

worker." *See* Amended Complaint. Cox alleges that she experienced "excessive bleeding" and was then transported to Dr. Zakkak for emergency oral surgery and consequently received permanent damage to her "facial bone." *See* Complaint at 4. Plaintiff alleges that NaphCare is the medical care service contracted by Harrison County and that both NaphCare and the county are responsible for hiring incompetent employees, "causing me bodily harm and neglecting or denying me medical attention." *See* Amended Complaint at § f. Plaintiff also alleges that a NaphCare employee, David Decelle, "violated [her] constitutional rights by placing an unqualified person or persons to perform as a dental technician, causing bodily harm." *See* Amended Complaint at § a.

## ANALYSIS

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). "The mere existence of a factual dispute does not by itself preclude the granting of summary judgment." *St. Amant v. Benoit*, 806 F.2d 1294, 1296-97. "The requirement is that there be no <u>genuine</u> issue of <u>material</u> fact." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). In other words, "[o]nly disputes over the facts that might effect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Furthermore, it is well settled in this circuit that "[b]are bones allegations are insufficient to withstand summary judgment because the opposing party must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response.'" *Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986) (*quoting Nicholas Acoustics Specialty Co. v. H & M Constr. Co.*, 695 F.2d 839, 845 (5th Cir. 1983)).

In considering a motion for summary judgment, the trial court views the evidence in the light most favorable to the party resisting the motion. *See Howard*, 783 F.2d at 1315. A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corporation v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant carries its burden, the non-movant must demonstrate the existence of a disputed issue of material fact. *See Anderson*, 477 U.S. at 247-48 (1986). To avoid the entry of summary judgment, the non-moving party must bring forth significant probative evidence demonstrating the existence of a triable issue of fact. *See Howard*, 783 F.2d at 1315. That is to say, the non-moving party must go beyond the pleadings and by his or her own affidavit, or by the "depositions, answers to interrogatories, and admissions on file, 'designate' specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *Thomas v. Harris County*, 784 F.2d 648 (5th Cir. 1986).

Based on the record before the Court, the plaintiff has failed to demonstrate any genuine issues of material fact.[2] NaphCare agrees that it is an organization which provides health care to correctional facilities and was retained by Harrison County to provide health care at the HCADC. NaphCare also agrees that David Decelle was its employee. However, NaphCare denies that Dr. Lefeve was retained or employed by NaphCare to provide the plaintiff with dental care and in fact, Harrison County expressly changed its contract with NaphCare to delete dental care from the agreement. The contract was modified on September 25, 2001, with the clause: "Dental care is deleted from the NaphCare Contract, and Dental Care shall not be NaphCare's responsibility."

---

[2]The plaintiff did not file a response to the defendants' Motion for Summary Judgment.

*See* Second Amendment to Contract at § 4, attached as Exhibit "C" to Motion for Summary Judgment. The plaintiff did not respond to the defendants' Motion for Summary Judgment and offers no evidence to the contrary. Therefore, NaphCare and its employee, Decelle, owed no duty to the plaintiff as they had no responsibility for dental care at the HCADC.

## **CONCLUSION**

Based on the foregoing, this Court is of the opinion that Cox has failed to meet her burden of demonstrating any genuine issues of material fact which would preclude summary judgment. Accordingly, this Court finds that the defendants' Motion [42-1] for Summary Judgment is granted, and that all claims against NaphCare, Inc. and David Decelle are dismissed with prejudice. A new scheduling order will be entered regarding the remaining defendants.

THIS the   22nd   day of March, 2006.

*s/ John M. Roper, Sr.*
CHIEF UNITED STATES MAGISTRATE JUDGE